IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVION JOHNSON, an individual, | ) |
| | ) |
| Plaintiff, | ) Case No. 23 C 13927 |
| | ) |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| NORTHEASTERN ILLINOIS UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Davion Johnson has brought a single count complaint against defendant Board of Trustees for Northeastern Illinois University[1] alleging a violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Alleging that he is autistic, plaintiff claims that defendant denied him reasonable accommodations for his disability, resulting in his being academically dismissed from the University. Defendant has moved to dismiss the complaint under Fed. R. Civ.12(b)(6), arguing that plaintiff's claim is time barred under the applicable two-year statute of limitations and that the complaint fails to plausibly allege that he requested the accommodations he claims were denied. For the reasons explained below, defendant's motion is granted.

**BACKGROUND**[2]

Plaintiff was diagnosed with autism when he was thirteen years old and had been on an Individualized Education Program ("IEP") while in high school. He alleges that his disability materially impacts his ability to use, understand and learn language, and particularly impacts his ability to interpret non-verbal communications. The complaint fails to specify, however, what

---

[1] Improperly named as Northeastern Illinois University
[2] The background facts are taken from plaintiff's complaint and assumed true for purposes of the motion to dismiss.

accommodations plaintiff received while in high school. With the aid of his high school counselor, plaintiff applied to defendant and was admitted on November 22, 2019, for the Fall 2020 semester.

According to the complaint, defendant provides services to students with disabilities referred to as TRIO and Student Disability Services ("SDS"). Plaintiff also alleges that TRIO is a student support service offering free support to income eligible students, while SDS is "a service that is committed to fostering inclusion and full participation of students with disabilities in all aspects of Defendant's university experience."

In early May 2020, plaintiff's academic advisor William Escalante emailed plaintiff and advised him to register for TRIO and set up an appointment to discuss the program. Plaintiff applied for TRIO support services on or around June 24, 2020. Erin Long, TRIO Student Support Services Coordinator, contacted plaintiff by telephone and advised him to contact SDS to request accommodations for his disability. Long also instructed plaintiff to send all documentation of his disability to her by email. Plaintiff claims he attempted to do so but made a mistake in her email address and his email bounced back to him and never reached Long. He alleges that due to his disability he did not understand that the email bounced back to him, and neither Long nor Escalante followed up with him about the requested documentation.

Plaintiff enrolled as a first-year undergraduate student in the Fall of 2020. On September 2020, TRIO Director Aimee Jatta sent him a letter informing him that his SDS application was denied because TRIO did not receive the documentation regarding his disability. He does not allege that he did not understand the letter or took any action as a result of his receipt of this letter, but does claim that as a result he did not receive accommodations.

Around July 2021, plaintiff's new academic advisor, Eric Justiniano, emailed plaintiff informing him that he had failed four classes. Plaintiff claims that he tried "several times" to respond to Justiniano's email, but each time mistakenly emailed himself "due to his disability." On December 22, 2021, defendant informed plaintiff that because his GPA was below a 2.0 he was academically dismissed from school.

Plaintiff alleges that as a result of defendant's failure to provide reasonable accommodations for his disability, he did not receive SDS or TRIO services, he had material difficulties in engaging during class, his grades suffered, and he was eventually dismissed from the university for academic reasons. Plaintiff further alleges that had defendant "properly provided reasonable accommodation for Plaintiff's disability he would have succeeded in his classes, as he had done in High School with reasonable accommodations." Yet, the complaint never identifies what accommodations plaintiff requested from defendant or even the accommodations he received in high school.

## DISCUSSION

Defendant has moved to dismiss the complaint under Fed. R. Civ. P 12(b)(6) for failure to state a claim. Such a motion challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); see Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]here the

3

well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Defendant first argues that plaintiff's claim is barred by the applicable two-year statute of limitations.[3] According to defendant, plaintiff alleges that he received a letter from Jatta, Director of TRIO in or around September 16, 2020, specifically informing him that his "application for SDS support ha[d] been denied." Thus, defendant argues that to the extent plaintiff has any claim, it accrued on that date when he was informed that he would not receive accommodations. Because the instant suit was brought on September 20, 2023, defendant argues that it is one year too late.

As an initial matter, a statute of limitations is an affirmative defense that ordinarily must be pleaded and proved by the defendant. Fed. R. Civ. 8(c)(1); Jay F. Hayden Foundation v. First Neighbor Bank, N.S., 610 F.3d 382, 383 (7th Cir. 2020). "Complaints need not anticipate defenses and attempt to defeat them." Richards v. Mitcheff, 696 F.3d 635, 637 (7th Cir. 2011). As a result, the Seventh Circuit has often held that Rule 12(b)(6) is not designed for motions under Rule 8(c)(1). Nonetheless, "if it is plain from the complaint that the [statute of limitations] defense is indeed a bar to the suit dismissal is proper without further pleading." Jay E. Hayden, 610 F.3d at 383. The dismissal should be on the pleadings under Rule 12(c), but that amounts "to the same thing as a dismissal under Rule 12(b)(6)." Richards, 696 F.3d at 637.

---

3 Claims brought under Title II of the ADA borrow the personal injury statute of limitations of the state in which the case is file. Soignier v. Am. Bd. of Plastic Surgery, 92 F.3d 547, 551 n. 3(7th Cir. 1996). In Illinois, the statute of limitation for personal injury actions is two years. Id.

4

Unless, however, the "complaint alleges facts that create an ironclad defense, a limitations argument must await factual development." Foss .v. Bear Stearns & Co., 394 F.3d 540, 542 (7th Cir. 2005). Put another way, dismissal is appropriate "if the complaint contains everything necessary to establish that the claim is untimely." Collins v. Village of Palatine, Ill., 875 F.3d 839, 842 (7th Cir. 2017). That is precisely what defendant persuasively argues here.

A failure to accommodate claim accrues when "when the accommodation is denied." Cairone v. McHenry County College, 2019 WL 3766112 (N.D. Ill. Aug. 9, 2019). The statute of limitations begins to run once plaintiff discovers the original act of discrimination, not future confirmation of the injury. Soignier 92 F.3d at 551. Plaintiff argues that he did not discover that he had been denied accommodations until his mother learned that he had academically discharged from the school on January 16, 2022. He claims that his disability prevented him from reasonably discovering that he had been denied accommodations prior to that date.

However, plaintiff alleges that he received Jatta's letter in 2020 and does not allege that he could not understand it. Nor does he allege that he took any action to follow up on anything he did not understand. Moreover, his allegations that he did not know that he was not receiving accommodations are not plausible. He started classes in the Fall of 2020. He had to know then both that he was not receiving accommodations, and that he never asked for or was told what specific accommodations he would or would not be receiving. He was informed in July 2021 that he was failing four courses and yet again never thought to inquire about accommodations. His only response is that his disability prevented him from knowing. Again, however, he knew what accommodations he received in high school and it is simply not plausible that he did not know that he was not receiving those accommodations at the university.

In addition, even if plaintiff did not understand the notices he received from defendant, or was unable to respond in writing, he never attempted to speak to anyone either over the telephone or in person. Thus, his own complaint establishes that he made no effort to determine why he was not receiving accommodations and if that reason was discriminatory. As a result, the court rejects any claim that equitable tolling should apply. See Joiner v. Ill. Dept. of Human Services, 2014 WL 5032564 at *2 (N.D. Ill. Oct. 8, 2014). Consequently, the court concludes that plaintiff knew his application for accommodations had been denied in September 2020 and his complaint is time barred.

## CONCLUSION

For the reasons described above, defendant's motion to dismiss with prejudice [16] is granted.

**ENTER:**

Robert W. Gettleman
**United States District Judge**

**DATE:** August 12, 2024